IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL GARCIA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) 2:12-cv-27 |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | ) |
| | ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 38] filed by the plaintiff, Michael Garcia, on March 5, 2014. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Michael Garcia, filed an application for Disability Insurance Benefits and Supplemental Security Income and was denied benefits at all stages of the administrative process. Garcia appealed the Commissioner's decision to this court, and the decision of the Commissioner was affirmed. Garcia then appealed to the Seventh Circuit. The Seventh Circuit remanded Garcia's claim to the agency for further proceedings. Garcia now moves for attorney's fees under the Equal Access to Justice Act. Over the course of the case, five attorneys worked on Garcia's claim, another individual with a Juris Doctorate performed tasks in connection with the case, including sending e-mails and corresponding with Garcia, and a law student spent 83.3 hours preparing the appellate brief. The Commissioner opposes the fees in part as unreasonable.

1

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. **28 U.S.C. § 2412(d)(1)(A);** *see also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a prevailing party; (2) a showing that the application is eligible to receive an award; (3) a showing of the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in[sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; and (4) an alleg[ation] that the position of the United States was not substantially justified. **28 U.S.C. § 2412(d)(1)(B);** *see also* **Scarborough v. Principi**, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); **United States v. Hallmark Constr. Co.**, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

The Commissioner agrees that Garcia was the prevailing party, is eligible to receive an award, and that the position of the United States was not substantially justified. However, the Commissioner disputes whether the amount of attorney's fees sought is reasonable. Garcia's attorney has the burden of proving that the EAJA fees he seeks are reasonable. **Hensley v. Eckerhart,** 461 U.S. 424, 434, 103 S.Ct. 1933 (1983) (quoting **Copeland v. Marshall**, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See* **Hensley,** 461 U.S. at 437, 103 S.Ct. at 1940. The amount of a fee award is left to the discretion

2

of the district court because of its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. *See* **Hensley**, 461 U.S. at 437, 103 S.Ct. at 1940; *See also* **Montanez v. Simon**, No. 13-1692, 2014 WL 2757472, *6 (7th Cir. 2014) (explaining that the court has broad discretion to strike vague or unjustified billing entries).

The Commissioner first acknowledges that a plaintiff may recover EAJA hours for law clerk and paralegal time if the assistance reduces the cost of litigation. However, the Commissioner argues that the 87 hours the law student employed by Garcia's counsel spent on this case was excessive. The law student spent 83.3 hours just on the initial appellate brief, 26 hours of which was spent reviewing, abstracting, and researching, and 56 hours spent writing the brief. However, Attorney Schultz had to spend an additional 8.5 hours editing the brief. In addition, Garcia's appellate brief recited essentially the same facts as the brief he submitted to the district court and reiterated many of the same arguments. Garcia responds that the use of law clerk time did reduce the overall costs. Because the law clerk charged at a lower rate, $95 an hour, his total bill for drafting the brief was $8,265. If an attorney had spent 60 hours preparing the brief, it would have amounted to nearly $11,000 in fees.

It does not appear that Garcia took into consideration that in addition to the time charged by the law clerk, an additional 8.5 hours were spent by an attorney reviewing the work, increasing the cost an additional $1,576.58. Although Garcia argues that this is comparable to the amount that would be incurred if an experienced attorney did the work, the court does not agree that 60 hours is the best comparator given that the facts already were complete and many of the arguments closely resembled those before the district court. The cases suggest that 40 to 60 hours is an average amount of time to spend on a Social Security case. *See, e.g.,* **Schulten v.**

*Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D.Ill. May 28, 2010) (collecting cases finding that permissible range of attorney hours spent in district court for social security cases is 40 to 60 hours); ***Dominguese v. Barnhart***, 2002 WL 32318281, at *6 (E.D. Wis. 2002)(collecting cases where fee awards from 53.5 to 66.95 hours of work in a Social Security appeal were considered reasonable). However, these hours refer the time spent on the entirety of the case, not on a single brief that largely was outlined and researched from the prior proceeding. Assuming it would take an attorney somewhere in the middle of the range, say 50 hours, it would have cost $9,274 to complete the brief, as compared to the $9,841.58 it cost when the time Attorney Schultz expended to review the law clerk's work was factored in. For this reason, the court will reduce the fees by the amount of $567.58.

The Commissioner also challenges the 4.36 hours charged by the "law clerk with J.D. hours", because most of the tasks were clerical in nature. *See **Simms v. Astrue***, 2009 WL 1659809, *8(N.D. Ind. June 12, 2009)(explaining that the prevailing party cannot recover attorney's fees for work that was clerical in nature)(citing ***Spegon v. Catholic Bishop of Chi.,*** 175 F.3d 544, 553 (7th Cir.1999); ***Seamon v. Barnhart***, No. 05-C-0013, 2006 WL 517631, at *7 (W.D.Wis. Feb. 23, 2006) (in a social security case analyzing the award of attorney's fees pursuant to the EAJA, the court found that the prevailing plaintiff's attorney was not entitled to fees for clerical tasks)). Blaz's entries include reviewing documents, sending e-mails, receiving and docketing documents, and discussing the case with Garcia. The court agrees that many of these tasks are clerical in nature and could have been completed by someone without a J.D. *See **Seamon***, 2006 WL 517631, at *7 (explaining that reviewing documents and sending proof of service to the court are clerical tasks). On November 4, 2011, Blaz reviewed documents and formulated an opinion on whether to appeal the Commissioner's decision, and on May 29, 2012

and November 5, 2012 she drafted and filed a motion for extension of time. The court will award attorney's fees for the 1.6 hours Blaz spent completing these tasks, but not for the other clerical tasks she performed, reducing the fee award by $345.

Finally, the Commissioner challenges the .77 hour that Richard Hu billed for administrative work. Hu sent e-mails, reviewed the file, and made phone calls. Again, his work was administrative in nature and does not warrant the $185.48 per hour rate. The court strikes this charge in the amount of $142.82.

Based on the foregoing reasons, the court **GRANTS** Garcia's motion and awards Garcia attorney's fees in the amount of $27,166.47, plus $253.91 in costs.

ENTERED this 5th day of August, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge